IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON DAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 24-cv-1182-DWD |
| LATOYA HUGHES, ) | |
| UNKNOWN IDOC DIRECTORS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Brandon Dahl, a former inmate of the Illinois Department of Corrections (IDOC), filed the present pleading before this Court concerning his past and potential future prolonged detention in the IDOC. (Doc. 1). At the time he filed the pleading, Plaintiff was detained at Shawnee Correctional Center, but according to the IDOC Inmate Locator website[1], he has since been released on May 10, 2024. Because Plaintiff was detained at the time he filed this pleading, it is subject to review under 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

---

[1] IDOC Inmate Locator website, https://idoc.illinois.gov/offender/inmatesearch.html, last accessed July 8, 2024.

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

In the two-page complaint, Plaintiff alleges that he was forced to endure prolonged incarceration from November of 2017 to April of 2021 due to the "turnaround at the door" policy. He alleges that he also faces up to 30 days more of prolonged incarceration after his statutorily calculated outdate. (Doc. 1 at 1). He claims that his prolonged detention is "fraudulent" because Illinois has created a statutory right to good-conduct credit, and he has a liberty interest in that right. He claims that the "turnaround" policy inflicts cruel and unusual punishment and violates existing precedent. He further alleges that the proper defendants are the unknown IDOC directors that commanded the implementation and enforcement of the turnaround policy. He seeks to enjoin the defendants from implementing the policy, as well as monetary damages. (Doc. 1 at 2).

Given that Plaintiff's allegations potentially challenged his continued confinement, the Court would typically assess if they were properly brought as a § 1983 action, or if they should have been presented in a habeas corpus pleading. *See e.g., Kitterman v. Norton*, 2018 WL 1240487 at *3 (S.D. Ill. Mar. 9, 2018) (discussing the § 1983 versus habeas distinction in relation to a challenge to MSR and the turnaround policy). However, here the claims can be resolved for other reasons, so the Court need not resolve this thorny question.

As to any claims concerning Plaintiff's alleged prolonged incarceration from 2017-2021, the statute of limitations for claims brought under § 1983 is two years in Illinois. *See*

*Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). A court may *sua sponte* dismiss a case if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations). Here, it is obvious that any claim concerning incarceration that ended in 2021 is now beyond the applicable two-year statute of limitations. Accordingly, any claim about Plaintiff's past prolonged incarceration is dismissed as time barred.

As to Plaintiff's allegations about his possible "future" prolonged incarceration, that risk did not come to fruition because he stated in his complaint that his release date was to be May 10, 2024, and the inmate locator website states that he is currently on parole and was released May 10, 2024. Given this information, Plaintiff did not suffer a recent harm related to the turnaround policy, so any claim about the possibility of said harm is moot.

Given the foregoing analysis, the Court finds that Plaintiff's complaint is subject to dismissal in full for failure to state a claim. Generally, *pro se* inmates are afforded at least one opportunity to amend a pleading, but the Court does not believe there is any amendment to the factual allegations that would render a claim in this pleading sufficient. It also notes that Plaintiff was informed of his obligation to keep the Court

apprised of any change of address within 14 days (Doc. 9), but Plaintiff was released on May 10, 2024, and he has not provided any updated address.  As such, it appears Plaintiff has abandoned this matter.

### Disposition

Plaintiff's pending Motion for Counsel and Class Certification (Doc. 4) is **DENIED** as **MOOT**.  This matter is dismissed with prejudice for failure to state a claim.  The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 8, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge